UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFFREY KORTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23 CV 831 RWS |
| ) | |
| CREDIT CONTROL, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Jeffrey Korth brings this action against Defendant Credit Control, LLC, alleging violations under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Credit Control moves to dismiss Korth's second amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons discussed below, Credit Control's motion will be granted.

## **BACKGROUND**

Taken as true for the purpose of this motion, Korth alleges the following facts in his second amended complaint. Korth maintained a personal credit card account with Synchrony Bank and eventually fell behind on payments owed on the account. He then hired The Ferrer Law Firm, PA to assist with the debt. On July 14, 2017 and August 16, 2017, Ferrer Law Firm notified Synchrony of its representation of Plaintiff and demanded that all further direct communications with Plaintiff

concerning the alleged debt cease. Synchrony acknowledged receipt of these communications on September 12, 2017.

The alleged debt was then transferred, assigned, or otherwise placed with Credit Control for the purposes of collection. On June 7, 2022, Credit Control sent Korth a letter to collect the alleged debt. Korth's attorneys did not consent to Credit Control's direct communication with him and Credit Control did not make any attempt to communicate with Korth's attorneys.

According to Korth, when debts or debt portfolios are sold and/or assigned to downstream entities such as debt collectors, it is standard practice that such debts or debt portfolios are identified as subject to attorney representation letters and/or cease and desist letters. Korth alleges upon information and belief, that Credit Control had actual notice of such letters either from the placement file or through a client portal provided to Credit Control. Alternatively, Korth alleges that Credit Control was willfully blind to the letters and was negligent and/or lacks sufficient policies and procedures in place to identify alleged debts that are subject to attorney representation letters and/or cease and desist letters.

Korth brings this action against Credit Control, alleging that Credit Control has engaged in abusive debt collection practices. In his amended complaint, Korth brings two claims: (Count I) violation of the FDCPA; and (Count II) negligence and

negligence per se. Credit Control moves to dismiss the amended complaint for failure to state a claim.

## LEGAL STANDARD

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. In ruling on such a motion, I must accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Hager v. Arkansas Dep't. of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013). But I may not "presume the truth of legal conclusions couched as factual allegations." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although I also must generally ignore materials outside the pleadings, I may consider "materials that are necessarily embraced by the pleadings and exhibits attached to the complaint." *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n. 4 (8th Cir. 2003).

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff need not provide "detailed factual allegations" but must provide "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible on its face when the plaintiff pleads sufficient facts to allow me to draw "the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This requires a complaint to contain enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A threadbare recital

of the elements of a cause of action, supported merely by conclusory allegations, is not sufficient. *Iqbal*, 556 U.S. at 678.

## DISCUSSION

Credit Control moves to dismiss Korth's second amended complaint with prejudice pursuant to Rule 12(b)(6). Credit Control argues that Korth's claims fail because he has not pleaded any non-conclusory allegations that Credit Control had actual knowledge of his representation, and he has not provided any information that would support his belief that Credit Control possessed such knowledge.

### A. Count I: Violation of 15 U.S.C. §§ 1692c(a)(2) and 1692c(c)

The FDCPA, 15 U.SC. § 1692 *et seq.*, establishes standards and requirements for the behavior of debt collectors to eliminate abusive debt collection practices. A debt collector may not communicate with a consumer "if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address." 15 U.S.C. § 1692c(a)(2). Similarly, a debt collector also may not communicate with a consumer if the consumer "notifies [the] debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer." § 1692c(c). To state a claim alleging a violation of § 1692c, Korth must plausibly allege that Credit Control had actual

knowledge of his representation.  *See Schmitt v. FMA All.*, 398 F.3d 995, 997 (8th Cir. 2005).

In its motion, Credit Control asserts that I should dismiss Korth's second amended complaint because Korth failed to adequately plead that Credit Control had actual knowledge of his representation.  Credit Control argues that Korth's allegations are conclusory and speculative, and that Korth failed to provide any information that would support his belief that Credit Control possessed such knowledge.  *See* ECF No. 26 at 9.  In his response, Korth defends his allegations with an exhibit containing bills of sale from transfers involving Resurgent Companies.[1]  *See* ECF No. 30-2.

I may not consider matters outside the pleadings on a motion to dismiss.  *See* Fed. R. Civ. P. 12(d); *Greenman v. Jessen*, 787 F.3d 882, 887 (8th Cir. 2015).  Here, the bills of sale do not merely reiterate the pleadings, but constitute written evidence meant to substantiate the facts alleged in the pleadings.  *See Hamm v. Rhone-Poulenc Rorer Pharms., Inc.*, 187 F.3d 941, 948 (8th Cir. 1999) (internal citation omitted).  And the relevance of the exhibits to Korth's complaint is unclear.  As a result, the attached exhibits will be excluded.  Nor will I convert the motion to dismiss into a motion for summary judgment.  *See State ex rel. Nixon v. Coeur D'Alene Tribe*, 164

---

[1] As alleged in Korth's response to Credit Control's motion to dismiss, the Resurgent Companies are a group of several interrelated entities involved in the purchase and collection of consumer debt and managed by Bryan Faliero.  The group includes LVNV Funding, LLC and Credit Control.

5

F.3d 1102, 1107 (8th Cir. 1999) ("Rule 12(b)(6) motions are not automatically converted into motions for summary judgment simply because one party submits matters in support of or opposition to the motion.").

Korth plausibly alleges that Synchrony had actual knowledge of his cease-and-desist notice and letter of representation. But his allegation that Credit Control had actual knowledge of those communications is based only upon information and belief relating to industry custom. *See Ahern Rentals, Inc. v. EquipmentShare.com, Inc.*, 59 F.4th 948, 955 (8th Cir. 2023) (explaining that allegations pled upon information and belief must have some factual basis for the inference of liability or be based on the reasonable belief that the information supporting such liability is in the sole possession of the defendant).

United States District Judge Audrey Fleissig dealt with a nearly identical complaint in *Gattison v. Credit Control, LLC*, No. 4:23-CV-00157-AGF, 2023 WL 4404926 (E.D. Mo. July 7, 2023). There, as here, the plaintiff alleged upon information and belief that Credit Control had actual knowledge of the plaintiff's representation due to the transfer of records pursuant to industry custom. *Id.* at *1. But Judge Fleissig ruled that absent any factual basis, such a "chain of speculation" could not plausibly support a claim under the FDCPA. *Id.* at *2. And in *Gattison*, "the several links in Plaintiff's alleged information-transfer chain also

6

demonstrate[d] that Credit Control [wa]s not in sole possession of the evidence needed to support Plaintiff's claim." *Id.*

Like the multi-link chain in *Gattison*, Korth alleges that the debt was transferred from Sychrony, to multiple Resurgent Companies, to LVNV, and then finally to Credit Control. *Cf. Zachial v. Cascade Cap., LLC*, No. 18-CV-05494, 2019 WL 4750081 (N.D. Ill. Sept. 30, 2019) (denying motion to dismiss similar allegations on Rule 12(b)(6) grounds when the debt transfer chain involved only one link); *Taufen v. Messerli & Kramer, P.A.*, Civ. No. 12–2050 (DWF/JJG), 2013 WL 1065436 (D. Minn. Mar. 14, 2013) (same). Without any factual support for his allegation of actual knowledge pursuant to industry custom, Korth's amended complaint fails to plausibly state a claim. As a result, I will grant Credit Control's motion to dismiss this claim.

### B. Count II: Negligence Per Se and Negligence

Although the Missouri Supreme Court has not decided the issue, other courts have refused to recognize negligence per se claims that are based on a violation of the FDCPA. *See Winberry v. United Collection Bureau, Inc.*, 697 F. Supp.2d 1279, 1294 (M.D. Ala. 2010); *Thompson v. Hughes, Watters & Askanase, LLP*, No. 3:13-CV-0429-G BH, 2013 WL 4441979, at *10 (N.D. Tex. Aug. 20, 2013); *Alleyne v. Midland Mortg. Co.*, No. CIV.A. 05-CV-02412PS, 2006 WL 2860811, at *13 (D. Colo. Sept. 12, 2006). Based on the reasoning in these decisions, it is unlikely that

the Missouri Supreme Court would permit a negligence per se claim to be based on a violation of the FDCPA. *See Bender v. Boyreau*, No. 4:20-CV-001850-AGF, 2021 WL 5451390, at *7 (E.D. Mo. Mar. 30, 2021).

But even if a violation of the FDCPA could support a claim for negligence per se, such a claim would fail here because Korth has not plausibly alleged a violation of the FDCPA. *See Lowdermilk v. Vescovo Bldg. and Realty Co.*, 91 S.W.3d 617, 628 (Mo. Ct. App. 2002) (violation of a statute or ordinance is required to establish a claim for negligence per se). Similarly, Korth's claim for negligence fails because Korth has not distinguished between his claims for negligence and negligence per se. *See Winberry*, 697 F.Supp.2d at 1294 (finding no distinction between negligence and negligence per se theories when the complaint "appear[ed] to identify the allegedly breached duty in terms of the duties imposed by the FDCPA"). As a result, I will grant Credit Control's motion to dismiss this claim.

## CONCLUSION

Korth has failed to state a claim for violation of the FDCPA, negligence per se, or negligence. As a result, Credit Control's motion will be granted. Because Korth has already twice been granted leave to amend his complaint, his second amended complaint will be dismissed with prejudice.

8

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Credit Control, LLC's motion to dismiss [25] is **GRANTED**. The second amended complaint of Plaintiff Jeffrey Korth [23] will be **DISMISSED** with prejudice.

A separate Judgment in accordance with this Memorandum and Order will be entered on this same date.

　　　　　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　　　　RODNEY W. SIPPEL
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Dated this 10th day of October 2023.